IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR BURGOS, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:18-cv-00023 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
|     *Defendant*. | § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes this action from the 45th District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I. STATE COURT ACTION

1. On December 29, 2017, Plaintiff Victor Burgos ("Plaintiff") filed his Original Petition (the "Complaint") in the 45th District Court for Bexar County, Texas, in an action styled *Victor Burgos v. Wells Fargo Bank, N.A.*, Cause No. 2017CI24188 (the "State Court Action").

2. In the State Court Action, Plaintiff alleges that he and his ex-wife, Norma Santiago, borrowed money to purchase property located at 5723 Union Terrace, San Antonio, Texas 78244 (the "Property") on September 29, 2000. *See* Compl. ¶ 6. Plaintiff admits that he fell behind on payments last year but that he has made payments the last three months "with the understanding that [he] was being allowed to catch up on payments and foreclosure would be forestalled." *Id.* Plaintiff alleges that Wells Fargo breached the loan documents by proceeding with foreclosure despite purportedly accepting payments, misapplying payments, refusing payments, failing to properly account for payments, and failing to provide proper pre-foreclosure notices. *Id.* ¶ 7. Plaintiff further contends that Wells Fargo breached a fiduciary duty owed to

1

Plaintiff by Wells Fargo and violated Section 51.002 of the Texas Property Code by not providing proper pre-foreclosure notices. *Id.* ¶¶ 8–9. Plaintiff requests mental anguish damages, loss of equity, "loss of use of monies retained" by Wells Fargo, and injunctive relief restraining a foreclosure sale. *Id.* ¶¶ 10–11, prayer.

3. With this Notice of Removal, Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below. *See* 28 U.S.C. § 1332.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441.

5. This removal is timely under 28 U.S.C. § 1446(b) because Wells Fargo files this Notice of Removal within thirty days of being served with process or otherwise appearing in the State Court Action.

6. The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because Wells Fargo is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file of record in the State Court Action.

8. Simultaneously with the filing of this Notice of Removal, Wells Fargo is filing a copy of the Notice of Removal in the State Court Action pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

### III.  DIVERSITY JURISDICTION

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs. Therefore, the United States District Court for the Western District of Texas, San Antonio Division, has jurisdiction over this action.

**A.   Diversity of citizenship exists between Plaintiff and Wells Fargo**

10. Based on information and belief, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* Compl. ¶ 10.

11. Defendant Wells Fargo is a national banking association pursuant to federal law. The citizenship of Wells Fargo is determined solely by the location of its main offices, as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348; *Schmidt*, 546 U.S. at 318.

12. Because Plaintiff is believed to be a citizen of Texas and Wells Fargo is a citizen of South Dakota, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Wells Fargo has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

**B.     Amount in Controversy**

13.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., L.L.C.*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank, N.A.*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, 342 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

4

15.     Based on a review of the Complaint and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs.  Plaintiff seeks injunctive relief to preclude the foreclosure sale of the Property, and as a result, the entire value of the Property is squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. L.L.C.*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547–48.  According to the Bexar County Appraisal District, the market value of the Property is $124,800.  *See* **Exhibit C**.[2]

16.     Thus, the value of the Property alone satisfies the amount in controversy requirement.

17.     Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## IV.    CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. removes this action from the 45th District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Bexar County Appraisal District tax record for the Property.  *See* FED. R. EVID. 201.

Respectfully submitted,

**B. David L. Foster**
State Bar No. 24031555
dfoster@lockelord.com
**Daniel Durell**
State Bar No. 24078450
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**Robert T. Mowrey**
State Bar No. 14607500
rmowrey@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR WELLS FARGO**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served as indicated below on this 10th day of January, 2018, to the following:

**VIA FACSIMILE AND U.S. MAIL**
Damian R. Saenz
118 E. Ashby Place
San Antonio, Texas 78212
(210) 737-2500 (Facsimile)
*Attorney for Plaintiff*

Daniel Durell

6

AUS:0567447/01209:728615v1